IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-49-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DEDRIC DELAMAR HARVEY, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his father. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a one-count indictment on 26 March 2014 with possession of a firearm by a felon on 17 May 2013 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from plaintiff's brandishing a 9 millimeter handgun during a dispute with several people at a convenience store in Freemont,

North Carolina. In the course of the dispute, defendant racked the slide of the pistol, which had a loaded, eight-round magazine. In-store video shows defendant brandishing the pistol.

At some point, defendant's girlfriend hailed nearby police. Defendant gave the handgun to his girlfriend before the police arrived. After his arrest, defendant made spontaneous statements in which he effectively admitted to possession of the gun. He also stated that the people with whom he was arguing were lucky that he did not shoot them.

Defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding 12 months. The gun had travelled in interstate commerce.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including defendant's alleged commission of the offense while on state probation, his brandishing and racking the slide of the pistol, his passing off of the pistol to his girlfriend, and his post-arrest statements that his adversaries were lucky that he did not shoot them; defendant's criminal record, including 2 felony drug convictions, 26 misdemeanor convictions, probation revocations in over 10 cases, and commission of multiple offenses while on probation or pretrial release; the danger of continued gun-related offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although traffic offenses predominate among

defendant's convictions, his criminal conduct has continued year after year despite repeated punishment, evincing a profound disregard of legal requirements and the relative ineffectiveness of sanctions the court could impose for violation of conditions of pretrial release.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 21st day of April 2014.

_____
James E. Gates
United States Magistrate Judge